**Jill WATERS**

v.

**GENESIS HEALTH VENTURES, INC.**

No. 03–CV–2909.

United States District Court,
E.D. Pennsylvania.

Nov. 23, 2005.

Timothy M. Kolman, Ari Risson Karpf, Wayne A. Ely, Timothy M. Kolman and Associates, Langhorne, PA, for Jill Waters.

Wayne E. Pinkstone, Saul Ewing, Philadelphia, PA, for Genesis Health Ventures, Inc.

## MEMORANDUM & ORDER

SURRICK, District Judge.

Presently before the Court are Defendant Genesis Health Ventures, Inc.'s Motion In Limine (Doc. No. 65) and Plaintiff Jill Waters's Response thereto (Doc. No. 96). For the following reasons, Defendant's Motion will be granted in part and denied in part.

## I. FACTUAL BACKGROUND

Plaintiff, a Caucasian female, was employed by Defendant for ten years until her employment was terminated on September 23, 2002. (Joint Case Report, Doc. No. 6 at 2, 5.) On May 2, 2003, Plaintiff filed a Complaint against Defendant alleging discrimination on the basis of "age (59) and/or disability" in violation of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"), as well as

retaliation.[1] (Doc. No. 1 at 1.) The Complaint contained no claim of discrimination based upon race.[2] In the Joint Case Report filed on or about August 29, 2003, Plaintiff reiterated that her Complaint was based on age and disability discrimination. (Doc. No. 6 at 1.) On March 8, 2004, almost a year after filing her Complaint, Plaintiff filed an Amended Civil Action Complaint ("Amended Complaint"). (Doc. No. 18.) The Amended Complaint was the same as the original Complaint, but added a fifth count alleging reverse discrimination based upon race in violation of 42 U.S.C. § 1981. (*Id.* at 8–9.) Thereafter, Plaintiff advised Defendant that she would not pursue the age discrimination claim in Count One. On December 21, 2004, we granted summary judgment as to Plaintiff's ADA claim and Plaintiff's PHRA claim and denied summary judgment as to Plaintiff's race discrimination claim under 42 U.S.C. § 1981 and her retaliation claim. (Doc. No. 95.)

In June 2002, Defendant hired Marvin Kirkland ("Kirkland"), an African–American male as director of nursing. (First Am. Compl., Doc. No. 27 ¶ 13.) Kirkland supervised Plaintiff and other employees. The factors motivating Plaintiff's termination are in dispute. Plaintiff asserts that her termination was due to Kirkland's discriminatory animus. (Mem. of Law in Opp'n to Mot. for Summ. J., Doc. No. 66 at 5.) Specifically, Plaintiff alleges reverse discrimination based upon race in violation of 42 U.S.C. § 1981. (*Id.* at 2–3.)

Defendant claims that Plaintiff was dismissed for performance-related reasons. (Doc. No. 6 at 4–5.) Plaintiff responds that she had received positive reviews throughout her tenure until Defendant hired Kirkland in 2002. (Doc. No. 18 ¶¶ 15, 17.)

Defendant files the instant Motion in Limine to preclude the following testimony or evidence at trial:

1. Testimony of Robert Creely ("Creely"), a job applicant interviewed by Kirkland, who also alleges discrimination against him by Defendant;

2. Testimony of Cynthia Berke ("Berke"), Defendant's former nursing home administrator,[3] regarding her refusal to accept a corrective action plan from Paul McGuire ("McGuire"), her supervisor. Also, testimony regarding her subsequent involuntary termination and claim of employment discrimination based on age and/or disability;

3. Testimony of Susan Wagner ("Wagner") regarding her allegations of disability discrimination;

4. The Reports of Berke and Wagner, alleged by Defendant to be expert reports;

5. Any references to other lawsuits against Defendant;

6. Evidence regarding Kirkland's alleged Nigerian business dealings or his reasons for allegedly resigning;

---

1. Plaintiff filed charges of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") on August 19, 2002 and October 16, 2002, on the basis of age and disability. (Doc. No. 1 at 3.) Those filings did not include a charge of discrimination on the basis of race.

2. The original Complaint in the instant case contained four counts: (1) the claim under the ADEA; (2) the ADA claim; (3) the claim under 42 U.S.C. § 1981 alleging age discrimination; and (4) the claims under the PHRA. (Doc. No. 1 at 6–8.)

3. Cynthia Berke served as Defendant's nursing home administrator from 1998 to early November 2000. (Doc. No. 65 at 8.)

7. Testimony or evidence regarding Defendant's size or financial status; and

8. Testimony or evidence regarding alleged sexual harassment by Kirkland.

(Doc. No. 65 at 1.)

## II. LEGAL STANDARD

Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Federal Rule of Evidence 402 provides that, "all relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed.R.Evid. 402. The Third Circuit has noted, "Rule 401 does not raise a high standard." *Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 109–10 (3d Cir. 1999) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 782–83 (3d Cir.1994)). The Third Circuit has stated:

As noted in the Advisory Committee's Note to Rule 401, "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Because the rule makes evidence relevant "if it has any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has *no* tendency to prove the fact."

*Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir.1992) (quoting 22 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence § 5166, at 74 n. 47 (1978)).

Under Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. The Third Circuit has stated:

However, the ... prejudice against which the law guards [is] ... unfair prejudice—... prejudice of the sort which cloud[s] impartial scrutiny and reasoned evaluation of the facts, which inhibit[s] neutral application of principles of law to the facts as found. Prejudice does not simply mean damage to the opponent's cause. If it did, most relevant evidence would be deemed prejudicial. However, the fact that probative evidence helps one side prove its case obviously is not ground for excluding it under Rule 403. Excluded evidence must be unfairly prejudicial, not just prejudicial.

*Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 670 (3d Cir.2002) (internal citations omitted).

## III. DISCUSSION

### A. Testimony from Robert Creely

Defendant first asserts that Plaintiff should be precluded from offering testimony from Robert Creely concerning any acts of discrimination by Genesis that he allegedly experienced. (Doc. No. 65 at 3.) Creely had previously been employed as a licensed practical nurse ("LPN") at Crestview Center, the facility at issue in the instant case, from 2000 through 2002. He also worked at Willow Ridge, another of Defendant's facilities, from 1997 until 2000, and again from 2002 through 2003. (*Id.*) Creely filed a complaint based on the discrimination he allegedly suffered at Defendant's facility under docket number 04–

CV–0679. We granted summary judgment in favor of Defendant on May 26, 2005. *Creely v. Genesis Health Ventures, Inc.,* Civ. A. No. 04–CV–0679, 2005 WL 1271876, 2005 U.S. Dist. LEXIS 10223 (E.D.Pa. May 26, 2005). Accordingly, Creely may not testify in the Waters trial concerning discrimination that he allegedly experienced at Genesis.

### B. Testimony from Cynthia Berke

Cynthia Berke served as the former administrator of Crestview. (Doc. No. 96 at 14.) Defendant argues that Plaintiff should be precluded from offering testimony of Berke's refusal to accept a corrective action plan from her supervisor Paul McGuire or testimony regarding Berke's subsequent termination or claim of employment discrimination based on age and/or disability. (Doc. No. 65 at 8.) Plaintiff responds that she does not intend to introduce evidence of Berke's refusal to accept a corrective action plan or any discipline regarding Berke. (Doc. No. 96 at 14.) In addition, Plaintiff does not intend to introduce evidence of Berke's disabilities or any discrimination she allegedly experienced while employed by Defendant. (*Id.*) Under the circumstances, there is no issue for the Court to decide. The relevance of testimony from this witness regarding her "movement up Crestview's management ladder" (*id.*) will be addressed at trial.

### C. Testimony from Susan Wagner

Susan Wagner was both an assistant director of nursing and director of nursing at the Crestview Center between 1999 and 2001. Defendant argues that Wagner should be precluded from testifying as to her statement that "her ability to continue to work at Crestview Center came under question 'once she began to experience medical problems.'" (Doc. No. 65 at 11.)

Plaintiff responds that she does not intend to introduce any evidence concerning Wagner's medical problems or her treatment as a result of such problems. (Doc. No. 96 at 15.) Again, there is apparently no issue to decide.

### D. Expert Reports of Cynthia Berke and Susan Wagner

Cynthia Berke, former Nursing Home Administrator at Crestview Center, and Susan Wagner, Director of Nursing at Crestview Center, each wrote letters regarding Plaintiff's job performance. Defendant argues that these letters should not be classified as "expert reports" because they do not meet the test under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). (Doc. No. 65 at 13.) Plaintiff responds that she has already informed Defendant and the Court during a telephone conference that she does not intend to claim that Berke and Wagner are experts and does not intend to offer the letters as expert reports. (Doc. No. 96 at 15.) Rather, Plaintiff intends to introduce these documents as letters of recommendation and will only use them as the Federal Rules of Evidence permit. (*Id.*)

### E. References to Other Lawsuits Against Defendant

Defendant argues that Plaintiff should be precluded from offering any evidence regarding other lawsuits pending against Defendant. (Doc. No. 65 at 13.) Plaintiff responds that she does not intend to introduce any information about any lawsuits against Defendant, with the exception of the Creely evidence. (Doc. No. 96 at 15.) We have already stated that Creely may not testify in the Waters trial.

### F. Kirkland's Separation From Defendant

■ Defendant argues that any evidence regarding Kirkland's separation

from Defendant's employ or regarding his statement that he had "come into money" should be precluded because it is irrelevant and prejudicial. (Doc. No. 65 at 14–15.) Plaintiff responds that this evidence is relevant both as evidence of Kirkland's credibility, and also as circumstantial evidence of Kirkland's discriminatory animus towards Caucasian employees. Plaintiff contends that Kirkland falsified a medical document to protect an African–American nurse one week before his resignation. (Doc. No. 96 at 15–16.) Plaintiff seeks to introduce evidence of Kirkland's separation from Crestview as evidence that he gave preferential treatment to African–American employees and to support the argument that Kirkland's resignation was connected to Defendant's "conspiracy to conceal Mr. Kirkland's discrimination." (*Id.* at 16.) We agree with Plaintiff. Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R.Evid. 401. The circumstances surrounding Kirkland's termination bear directly on Kirkland's credibility and alleged discriminatory animus. Accordingly, Defendant's request to exclude evidence of Kirkland's separation is denied.

### G. Defendant's Size and Financial Status

■ Defendant argues that any evidence as to the size, financial status, or financial condition of the Defendant should be excluded until after a liability determination is made with regard to punitive damages. (Doc. No. 65 at 15.) Plaintiff responds that it has no objection to introducing information concerning punitive damages after liability is established if the trial is bifurcated. (Doc. No. 96 at 17.) Before Plaintiff may offer evidence of De-

fendant's size or financial condition, this Court must determine the legal sufficiency of Plaintiff's claim, a determination which must be made at trial. Plaintiff may proceed at trial with evidence in support of her claim for punitive damages. However, Plaintiff is barred from offering evidence of or making reference to the size, financial condition, or net worth of Defendant in the opening statement of Counsel or at any other time in the presence of the jury until the Court determines that Plaintiff has demonstrated that punitive damages are appropriate. *See Williams III v. Betz Labs., Inc.,* No. Civ. A. 93–4426, 1996 WL 114815, at *3–4 (E.D.Pa. Mar. 14, 1996).

### H. Testimony Regarding Sexual Harassment

■ ■ Defendant argues that evidence and testimony of sexual harassment that allegedly occurred at the Crestview facility should be precluded because such evidence is irrelevant to the merits of the instant lawsuit and because of the prejudicial effect of such evidence. (Doc. No. 65 at 16.) Plaintiff contends that the evidence should be permitted to impeach Kirkland based on statements he made during his deposition testimony.

■ As cited above, Federal Rule of Evidence 401 provides that "relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R.Evid. 401. Federal Rule of Evidence 403 additionally provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed R. Evid. 403. The Plaintiff in the instant case is limited to allegations of race

discrimination under 42 U.S.C. § 1981. (Doc. No. 95.) "[P]ursuant to Federal Rules of Evidence 401 and 403, plaintiff may not use evidence of one type of discrimination to prove discrimination of another type." *Simonetti v. Runyon,* No. Civ. A. 98–2128, 2000 WL 1133066, at \*6 (D.N.J. Aug. 7, 2000) (citing *Kelly v. Boeing Petroleum Servs., Inc.,* 61 F.3d 350, 357–60 (5th Cir.1995) (comments pertaining to race, sex, and origin have no tendency to prove disability discrimination and were therefore rightly excluded pursuant to Federal Rules of Evidence 401 and 403); and *Rauh v. Coyne,* 744 F.Supp. 1181, 1183 (D.D.C.1990) (plaintiff alleging gender discrimination may not introduce evidence of racial discrimination because it is not relevant under Rule 401 and would result in unfair prejudice outweighing any probative value)). We conclude that the prejudicial effect of evidence of sexual harassment clearly outweighs any probative value. Accordingly, we will not permit Plaintiff to introduce evidence of sex discrimination.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine is granted in part and denied in part.

An appropriate Order follows.

### *ORDER*

AND NOW, this 23rd day of November, 2005, upon consideration of Defendant Genesis Health Ventures, Inc.'s Motion In Limine (Doc. No. 65) and Plaintiff Jill Waters's Response thereto (Doc. No. 96), it is ORDERED that Defendant's Motion is GRANTED in part and DENIED in part, consistent with the attached Memorandum.

IT IS SO ORDERED.