# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| REBECCA A. RUFIN, an individual, | ) | No. 72012-1-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF SEATTLE, a municipality, | ) | UNPUBLISHED OPINION |
| and JORGE CARRASCO, an individual, | ) | |
| | ) | FILED: August 17, 2015 |
| Respondents. | ) | |

TRICKEY, J. — To establish a prima facie case of retaliation under the Washington Law Against Discrimination (WLAD), chapter 49.60 RCW, the employee must show that the employee engaged in statutorily protected activity which resulted in the employer taking an adverse action against the employee. Here, the employee failed to establish a causal connection between her protected activity and the employer's decision to not hire her for one of the positions for which she applied. Summary judgment dismissal of the retaliation claim was appropriate.

Nor did the trial court err in its various evidentiary rulings or in denying the employee's motion for a new trial on the other retaliation claim that proceeded to trial, but which resulted in a defense verdict.

The trial court is affirmed.

FACTS

Rebecca Rufin worked for Seattle City Light from 1990 through 2006. In 2005, Seattle City Light was undergoing reorganization under Jorge Carrasco, the general manager and chief executive officer. Rufin applied for four director positions. She was selected to be interviewed for three of those positions.

In 2006, Rufin left to take a position with the Seattle Parks and Recreation Department. At that time, Rufin was still in the running for a power supply asset management director position (PSAMD), which remained unfilled by a permanent hire until June of 2008, when Pam Johnson accepted the position.

In January of 2006, while still employed at City Light, Rufin submitted a statement to and was interviewed by an independent investigator, Lawton Humphrey, regarding gender discrimination allegations asserted by Betty Tobin, another City Light employee. Humphrey found no support for those allegations.

In October of 2006, after Rufin had left, she was deposed by Wanda Davis in a gender discrimination lawsuit that Davis had filed against City Light. The focus of the deposition was Rufin's 2006 statement that she made during the Tobin investigation. The Davis suit was unsuccessful. The parties do not dispute that Rufin's participation as a witness constituted protected activity for a retaliation claim.

In 2010, 2011, and 2012, Rufin applied for employment back at City Light for two open positions: (1) a civil and mechanical engineer manager (CME), and (2) a large projects senior manager (LPSM). She was not hired for either position.

Rufin applied for the CME position in August of 2011. City Light interviewed Rufin for the position on three separate occasions, but terminated the hiring process without filling the position.

In 2012, Rufin interviewed for the LPSM position, a position for which she had been invited to apply by Mike Haynes, who was the hiring authority for the CME position. In March of 2012, she was notified that she was not chosen. City Light relisted the CME position in April 2012. Rufin reapplied, but again was not chosen.

Rufin filed a complaint against City Light and its director, Jorge Carrasco, under chapter 49.60 RCW, claiming gender discrimination and retaliation for taking part in protected activity approximately four years prior to her application for employment.

City Light & Carrasco moved for summary judgment, resulting in the following orders:

- Partial summary judgment order entered August 7, 2013, dismissing Rufin's claims for discrimination and disparate treatment with respect to any events occurring prior to October 5, 2009;

- Partial summary judgment order entered March 27, 2014, dismissing Rufin's disparate treatment discrimination claims and all claims for retaliation in connection with Rufin's application or nonhiring for the LPSM position.

The remaining issues were tried to a jury, which returned a defense verdict on all claims. Rufin appeals, contending the trial court erred in summarily dismissing her retaliation claim relating to the LPSM position and in making certain other evidentiary rulings.

3

## ANALYSIS

### Partial Summary Judgment

In February 2014, the trial court partially granted City Light's and Carrasco's motions for summary judgment dismissing Rufin's claims for sex discrimination and her retaliation claims relating to her nonhiring for the LPSM position. However, the trial court permitted the retaliation claim under RCW 49.60.210(1) to go to the jury because there was circumstantial evidence alleged that, if believed, Carrasco may have been aware of Rufin's application for the CME position.

This court reviews de novo a trial court's grant of summary judgment, engaging in the same inquiry as the trial court. Korslund v. DynCorp Tri-Cities Servs., Inc., 156 Wn.2d 168, 177, 125 P.3d 119 (2005). Summary judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as matter of law. CR 56(c); Fulton v. State Dep't of Soc. & Health Servs., 169 Wn. App 137, 147, 279 P.3d 500 (2012). Employment discrimination cases often present genuine factual disputes that preclude summary judgment. Scrivener v. Clark College, 181 Wn.2d 439, 445, 334 P.3d 541 (2014). However, Washington courts have granted summary judgment in employment discrimination cases where the plaintiff fails to establish each element of the claim. Domingo v. Boeing Emps. Credit Union, 124 Wn. App. 71, 77-78, 98 P.3d 1222 (2004).

To prevail, Rufin had to establish a prima facie case of retaliation. Wilmot v. Kaiser Aluminum & Chem. Corp., 118 Wn.2d 46, 68, 821 P.2d 18 (1991). To establish a prima facie case of retaliation under the WLAD, Rufin must show (1) she engaged in statutorily protected activity, (2) City Light took some adverse employment action

4

against her, and (3) there is a causal link between her protected activity and City Light's adverse action. Estevez v. Faculty Club of Univ. of Wash., 129 Wn. App 774, 797, 120 P.3d 570 (2005).

Conclusory, speculative testimony in affidavits is insufficient to meet that burden. Thornhill Publ'g Co. Inc. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Bare assertions that a genuine material issue exists, however, will not defeat a summary judgment motion in the absence of actual evidence. Trimble v. Wash. State Univ., 140 Wn.2d 88, 93, 993 P.2d 259 (2000).

A plaintiff need not show that retaliation was the only or "but for" cause of the adverse employment action. Allison v. Housing Auth. of Seattle, 118 Wn.2d 70, 95-96, 821 P.2d 34 (1991). However, the plaintiff must show that it was at least a "substantial factor" in the employer's decision to retaliate. Allison, 118 Wn.2d at 95-96. Here, there is nothing more than speculation.

City Light does not dispute that Rufin engaged in protected activity, or that nonhiring is an adverse employer action. Thus, the only question remaining is whether Rufin alleged sufficient facts showing a causal link between her involvement in the protected activity and City Light's not hiring her for the LPSM position. This she failed to do.

Darnell Cola, director of asset management and large projects, was the hiring manager and direct supervisor of the LPSM position. Each of the hiring committee members submitted declarations that they had no knowledge of Rufin's participation as a witness in either the investigation or the subsequent lawsuit. Each also averred that it was a unanimous decision to send Ruth Steiner and another female candidate to the

second round of interviews. There was clear evidence presented that the persons responsible for making the decision to advance Rufin to the next level of the reviewers were not aware of the protected activity. Thus, Rufin failed to establish any causal connection between the protected activity and the adverse action.

Jorge Carrasco submitted an affidavit stating that he was unaware that Rufin had submitted a written statement as part of the independent investigation of Tobin's experience. The independent investigator, Humphrey, informed Carrasco only of her conclusion that Tobin's allegations were unsubstantiated. She did not give him any additional information regarding the investigation. Rufin admitted in her deposition that there was no evidence that Carrasco had ever learned about her written statement.

Rufin argues that because the court found that an issue of fact may exist as to whether City Light retaliated against her in failing to select her for the CME position, an issue of fact necessarily existed for her application for the LPSM position.

But Rufin's own deposition indicated that the hiring manager and the other panel members interviewing her were not aware of her 2006 statement in the Tobin claim or of her 2007 deposition in that case. In fact, when asked whether she believed that Carrasco was aware of the LPSM position that Rufin was seeking, she said it was possible, stating, "That I'm less confident of, but I'm—if he was not directly aware, then I believe that Phil West was aware that Jorge did not like me."[1] This is mere speculation that does not give rise to a reasonable inference or provide circumstantial evidence. Accordingly, the trial court correctly dismissed the claim.

_____

[1] Clerk's Papers (CP) at 1259.

Evidentiary Rulings

Rufin argues that the trial court erred in several of its evidentiary rulings and that she should be entitled to a new trial. We review a trial court's decisions to admit or exclude evidence for an abuse of discretion. Salas v. Hi Tech Erectors, 168 Wn.2d 664, 668, 230 P.3d 583 (2010). A trial court abuses is discretion when its decision is manifestly unreasonable or based on untenable grounds. Salas, 168 Wn.2d at 668-69.

**A. Excluding evidence of Rufin's application and interview for the LPSM position.**

The court excluded evidence that Rufin had applied for and was denied the LPSM position under ER 402 and ER 403 because the court had dismissed that claim on summary judgment. Rufin sought to admit the evidence to prove that Carrasco had a pattern of retaliating against her.

There was no nexus between the decision to not hire Rufin for the LPSM position and the allegations of retaliation. Without such a nexus, the acts were not relevant under ER 402 and its probative value was outweighed by the danger of unfair prejudice and confusion under ER 403. Lodis v. Corbis Holdings, Inc., 172 Wn. App 835, 863-64, 292 P.3d 779 (2013).

Rufin argues that excluding the facts of the LPSM hiring process prevented her from establishing a pattern of not hiring her in 2011 and 2012. She contends that the acts were admissible as proof of motive or intent under ER 404(b). However, before admitting such evidence, the court must balance the probative value of the evidence versus its potential for prejudice. Brundridge v. Fluor Fed. Servs., Inc., 164 Wn.2d 432, 444-45, 191 P.3d 879 (2008).

7

Here, the trial court did so and found the probative value minimal when compared to the danger of confusing the jury and wasting trial time. The court concluded that there was insufficient evidence to link the denial of the LPSM job to any alleged retaliation and that there was no evidence of Carrasco being involved in the LPSM decision-making process.

Further, a pattern of retaliation or discrimination cannot be established when the claims themselves have been determined to not be discriminatory or retaliatory. See Waters v. Genesis Health Ventures, Inc., 400 F. Supp. 2d 808, 811-812 (E.D. Pa. 2005) (defendant precluded from offering testimony of another regarding acts of discrimination by the defendant when that witness's complaint for discrimination had already been dismissed on summary judgment).

No evidence was produced that there was a nexus between Rufin's protected activity and her not being hired for the LPSM position. Thus, the trial court did not abuse its discretion.

**B. Admitting the outcome of the Tobin investigation and Davis litigation while excluding the evidence underlying both matters.**

Davis Litigation:

Rufin informed the court that Davis was not testifying and that she intended to only introduce the existence of the lawsuit and that Rufin had been subpoenaed to testify. The City did object to the limited scope of evidence, and the court agreed that the outcome of the Davis lawsuit was irrelevant at that stage and excluded it.

The parties stipulated that "(1) In October 2006, Wanda Davis filed a discrimination complaint against the City of Seattle; (2) On December 19, 2007, Jorge

8

Carrasco was added as an individual defendant in that case."[2] However, on cross-examination, Rufin's counsel queried Carrasco about the nature of the pleadings, specifically linking Rufin's 2007 deposition as the reason that Carrasco was added as a defendant in that suit. Carrasco denied knowing Rufin had been deposed. This line of questioning raised strong inferences that the reason Carrasco was later added individually to the Davis complaint was because of Rufin's 2007 deposition, thereby providing a motive for Carrasco's retaliation.

Before redirect, defense sought to introduce the dismissal of the Davis litigation by the district court and its subsequent affirmation on appeal by the Ninth Circuit. Because the dismissal of the suit rebutted the inference raised by plaintiff's questioning, the court allowed its admission, ruling that Rufin's questioning had opened the door to the evidence.

When a subject is opened up by a party on cross-examination, the other party may cross-examine on redirect within the scope of the examination in which the subject matter was first introduced. State v. Gefeller, 76 Wn.2d 449, 455, 458 P.2d 17 (1969). The trial court did not abuse its discretion, particularly here, where plaintiff's counsel delved into the allegations of the Davis case, intimating that Carrasco had discriminated against both women and in particular, had retaliated against Rufin for her involvement in that case without permitting the City to show that no discrimination had been found.

---

[2] CP at 3251.

Tobin Investigation:

On March 31, 2014, the court provided the parties with a lengthy oral ruling on the defense motion in limine to exclude or limit the scope of Tobin's testimony under ER 404(b). The court subsequently entered a written order on the motion:

> Defendants' motion regarding claims by Ms. Tobin is GRANTED in Part and DENIED in Part; Ms. Tobin may testify about competing for the PSAMD position, that she thought she was passed over because of her gender, that she complained of gender discrimination, that her complaint was investigated and that she participated in that investigation, and that the investigation concluded that no discrimination had occurred. Ms. Tobin may not testify about any purported retaliation against her in 2006 after the conclusion of the investigation. Evidence of Ms. Tobin's settlement with the City is excluded under ER 408 and 403.[3]

In accordance with the court's ruling, Tobin testified that she perceived she was being treated differently. She also testified that she met with other women employees, including Rufin, about their perceived mistreatment.

Rufin testified that she had learned that the Tobin investigation concluded with a finding of no discrimination because "Carrasco treated males as badly as he did females."[4] Further, Rufin testified that she left "first of all" because she had been approached by the Parks Department and offered a position there.[5]

Rufin's own testimony in effect supports City Light's position that there was no discrimination. Excluding the admission of Tobin's settlement with City Light and the results of the Davis suit did not prejudice Rufin.

---

[3] CP at 3518-19.

[4] Report of Proceedings (RP) (Apr. 1, 2014) at 114.

[5] RP (Apr. 1, 2014) at 114.

In sum, the trial court properly dismissed the one claim on summary judgment and did not abuse its discretion in any of its evidentiary rulings.

Affirmed.

Trickey, J

WE CONCUR:

Leach, J.

Dwyer, J.